**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MANNY PASTREICH, AS TRUSTEE, AND THE TRUSTEES OF THE BUILDING SERVICE 32BJ HEALTH FUND, BUILDING SERVICE 32BJ PENSION FUND, BUILDING SERVICE 32BJ THOMAS SHORTMAN TRAINING, SCHOLARSHIP AND SAFETY FUND, AND BUILDING SERVICE 32BJ SUPPLEMENTAL RETIREMENT AND SAVINGS PLAN,<br><br>Plaintiffs,<br>vs.<br><br>MAVERICK BUILDING SERVICES, INC.,<br><br>Defendant. | Case No.: 1:26-cv-04365-ER<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

**WHEREAS**, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Employees of the accounting firm of Schultheis & Panettieri (the "Accounting Firm") for the purposes of performing the payroll compliance audit of Defendant that is subject matter of this litigation (the "Audit");

d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as **Exhibit A**.

6. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. At the conclusion of the litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. Further, the Accounting Firm may retain Confidential Information to the extent necessary to comply with its document retention policies, professional standards, legal or regulatory requirements, including participation in the AICPA peer review program. The Accounting Firm's document retention and destruction practices are based on applicable statutes of limitation and professional record-retention requirements. Any Confidential Information so retained shall remain subject to the confidentiality obligations set forth herein, and the Accounting Firm shall continue to maintain the confidentiality of all such information.

10. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

Dated: November 3, 2026

**RAAB, STURM & GANCHROW, LLP**

By: ______________________
SAMUEL R. BLOOM, ESQ.
2125 Center Ave., Suite 100
Fort Lee, New Jersey 07024
Tel: (201) 292-0150
Email: sbloom@rsgllp.com
*Attorneys for Plaintiffs*

**FOX ROTHSCHILD LLP**

By: Brian J. Frederick
BRIAN J. FREDERICK, ESQ.
101 Park Ave., 17th Floor
New York, NY 10178
Tel: (212) 878-7900
Email: bfrederick@foxrothschild.com
*Attorneys for Defendant*

**SO ORDERED.**

Dated: New York, New York

November 13, 2026

______________________
Hon. Edgardo Ramos
United States District Judge



250530564

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MANNY PASTREICH, AS TRUSTEE, AND THE TRUSTEES OF THE BUILDING SERVICE 32BJ HEALTH FUND, BUILDING SERVICE 32BJ PENSION FUND, BUILDING SERVICE 32BJ THOMAS SHORTMAN TRAINING, SCHOLARSHIP AND SAFETY FUND, AND BUILDING SERVICE 32BJ SUPPLEMENTAL RETIREMENT AND SAVINGS PLAN,<br><br>Plaintiffs,<br>vs.<br><br>MAVERICK BUILDING SERVICES, INC.,<br><br>Defendant. | Case No.: 1:26-cv-04365-ER<br><br>**NON-DISCLOSURE AGREEMENT** |

I, ________________________, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as "CONFIDENTIAL". I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Confidentiality Stipulation and Protective Order could subject me to punishment for contempt of Court.

Dated: ___________________, 20__

_______________________________
Name (printed)

_______________________________
Signature

Signed in the presence of:

_______________________________
(Attorney)